UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>LAURELL WELLS,<br><br>    Defendant. | 20-cr-00633 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

On July 10, 2023, the Court held a hearing on the defendant's application for release on bail. After full consideration of the written submissions and oral argument, the Court denied the application for bail. See ECF No. 145, Order, 7/11/23. This memorandum reconfirms that order and explains the reasons behind its ruling.

A Court must order pre-trial detention if it finds there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making that determination, the Court must consider (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any

1

person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The defendant has already been denied bail in this case by two other judges on two prior occasions. See ECF Nos. 5, 25. The defendant now seeks bail for a third time; the Government opposes; and pretrial services stands by its initial position that bail should be denied. See Tr. at 18:18-19.[1]

The main change since those prior denials is the discovery of an inappropriate relationship between one of the investigative officers, Detective Spell, and an alleged accomplice, Faith Brewster, which the defense alleges has substantially weakened the Government's case. See Tr. at 4:24-6:14, 7:2-16. The Government disagrees. See id. at 11:21-25. Although the strength of the Government's case is a relevant factor in the bail analysis, it is not possible, at this juncture, to determine whether the relationship between Detective Spell and Faith Brewster has, in fact, weakened the Government's case. This will become more determinable only after the evidentiary hearing scheduled for September 5, 2023, at which Detective Spell and Ms. Brewster are expected to testify.

But even assuming arguendo that the Government's case is weaker than previously assumed (which the Government vigorously disputes), what has not changed is that the defendant still poses a very

---

[1] The defendant himself stated at the recent hearing that whether or not he is granted bail at this juncture is immaterial to him. See Tr. 17:23-18:8 ("We can skip the bail. I can go back to go there until trial. I'm all for it."). However, this is irrelevant to the defendant's request to be released if the Government has failed to prove the need for detention under 18 U.S.C. § 3142.

2

substantial risk of flight. Indeed, at the recent hearing, the Court learned for the first time the defendant has a significant connection with a person who can make, and has made, false identification documents for the defendant, see Tr. at 13:16-25. This materially increases the risk of flight. Moreover, the fact that trial is now firmly scheduled for September 19, 2023, increases the pressure on defendant to flee if he believes he is likely to be found guilty.

On the issue of the potential danger that the defendant poses to the community, the defendant has a long and undisputed history of committing frauds. See Tr. at 2:19. Moreover, while every case is individual, experience in other cases makes the Court acutely aware that the electronic monitoring and other steps proposed by the defense do not prevent a defendant from fleeing or engaging in other easily performed crimes like fraud. Accordingly, the Court concludes that there are no conditions that will reasonably assure against the substantial risks of flight and danger to the community. The defendant's application for bail is therefore denied.

SO ORDERED.

New York, NY
July 13, 2023

_____
JED S. RAKOFF, U.S.D.J.