UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LAURELL WELLS,

Defendant.

**S1 20 Cr. 633 (JSR)**

**THE GOVERNMENT'S REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jeffrey W. Coyle
Katherine Cheng
Alexandra Rothman
Assistant United States Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAURELL WELLS,<br><br>Defendant. | **S1 20 Cr. 633 (JSR)** |

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

# **Table of Contents**

REQUEST NO. 1 General Requests............................................................................................ 3

REQUEST NO. 2 The Indictment ............................................................................................. 4

REQUEST NO. 3 Multiple Counts............................................................................................ 5

REQUEST NO. 4 Conspiracy and Substantive Crimes Explained ................................................ 6

REQUEST NO. 5 Count Two: Elements of the Offense................................................................ 8

REQUEST NO. 6 Count Two: First Element – Scheme to Defraud ............................................... 9

REQUEST NO. 7 Count Two: Second Element – Intent to Defraud or Obtain Money ............. 12

REQUEST NO. 8 Count Two: Third Element – Federally Insured Bank..................................... 14

REQUEST NO. 9 Count One: Elements of the Offense ............................................................. 15

REQUEST NO. 10 Count One: Existence of the Conspiracy – Agreement (Element One)........ 17

REQUEST NO. 11 Count One: Membership in the Conspiracy (Element Two) ....................... 23

REQUEST NO. 12 Count One: Duration of and Extent of Participation in Conspiracy ............. 26

REQUEST NO. 13 Count Three Aggravated Identity Theft....................................................... 28

REQUEST NO. 14 Count Three: Aggravated Identity Theft Element One – Use of Identification ................................................................................................................................................... 29

REQUEST NO. 15 Count Three: Aggravated Identity Theft Element Two – In Relation To .... 30

REQUEST NO. 16 Count Three: Aggravated Identity Theft Element Three – Knowingly/Willfully ................................................................................................................................................... 31

REQUEST NO. 17 Aiding and Abetting...................................................................................... 32

REQUEST NO. 18 Count One: Co-Conspirators' Acts and Statements..................................... 35

REQUEST NO. 19 Venue ........................................................................................................... 36

REQUEST NO. 20 Non-Prosecution Agreement......................................................................... 38

REQUEST NO. 21 Accomplice Testimony ................................................................................. 39

REQUEST NO. 22 Variance in Dates ......................................................................................... 41

REQUEST NO. 23 Persons Not on Trial..................................................................................... 42

REQUEST NO. 24 Uncalled Witnesses – Equally Available ..................................................... 43

REQUEST NO. 25 Law Enforcement or Government Witnesses ................................................ 44

REQUEST NO. 26 Preparation of Witnesses............................................................................... 45

REQUEST NO. 27 Other Acts Evidence .................................................................................... 46

REQUEST NO. 28 Particular Investigative Techniques Not Required ...................................... 47

REQUEST NO. 29 Use of Evidence Obrained Pursuant to Searches ......................................... 48

REQUEST NO. 30 Use of Charts and Summaries....................................................................... 49

REQUEST NO. 31 Stipulations ................................................................................................ 50

REQUEST NO. 32 Defandants Testimony ............................................................................ 51

REQUEST NO. 33 Redactions .............................................................................................. 52

CONCLUDING REMARKS ................................................................................................. 53

## REQUEST NO. 1

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Rulings on Evidence and Objections.

e.  Burden of Proof and Presumption of Innocence.

f.  Reasonable Doubt.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.  Inferences.

j.  Credibility of Witnesses.

k.  Jury's Recollection Controls.

l.  Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.  Punishment is Not to Be Considered by the Jury.

o.  Verdict of Guilt or Innocence Must Be Unanimous.

## **REQUEST NO. 2**

### **The Indictment**

The defendant, LAURELL WELLS, has been charged in what is called an Indictment. An Indictment is simply an accusation. It is not evidence.

The Indictment has three counts. Count One charges the defendant with conspiring to commit wire fraud and bank fraud by making false statements and providing fraudulent documents to banks in order to obtain funds from the banks. Count Two charges the defendant with committing bank fraud through this same conduct. Count Three charges the defendant with committing aggravated identity theft by using the names and other means of identification of other persons during and in relation to the conspiracy charged in Count One and the bank fraud charged in Count Two.

4

## REQUEST NO. 3

### Multiple Counts

Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty on each count.  Except in one respect that I will explain to you in a few moments when I discuss Count Three, your verdict on one count should not control your decision as to any other count.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-4.
*See United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

## REQUEST NO. 4

### Conspiracy and Substantive Crimes Explained

As I have told you, Count One of the Indictment charges the defendant with the crime of conspiracy.  The other counts—Counts Two and Three—charge what we call substantive crimes.

The crime of conspiracy is different from a substantive crime.  A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with the actual commission or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission, of an offense.  A substantive offense therefore can be committed by a single person. It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy. And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not established or accomplished. Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

For the sake of convenience, in organizing my instructions to you, I'm going to instruct you first with respect to Count Two, which charges substantive bank fraud.  I will instruct you then on Count One, which charges conspiracy to commit wire fraud and bank fraud.  I then will instruct you on Count Three, which charges aggravated identity theft.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

## REQUEST NO. 5

### Count Two: Elements of the Offense

Count Two charges the defendant with committing bank fraud.  Specifically, Count Two alleges that, between in or about 2017 and in or about 2020, the defendant committed bank fraud by making false statements and providing fraudulent documents to banks in order to obtain funds from the banks.

The crime of bank fraud has three elements:

First, there was a scheme to defraud a bank or there was a scheme to obtain money owned by or under the custody or control of a bank by means of false or fraudulent pretenses, representations, or promises;

Second, that the defendant executed or attempted to execute the scheme with intent to defraud the bank or to obtain money owned by or under the custody or control of a bank; and

Third, that at the time of the execution of the scheme, the bank involved had its deposits federally insured.

I will now provide additional instructions on each element of bank fraud.

> Adapted from the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 20 Cr. 188 (Mar. 1, 2021), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

## **REQUEST NO. 6**

### **Count Two: First Element – Scheme to Defraud**

The first element of bank fraud is that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of false or fraudulent pretenses, representations, or promises.  The element requires proof of the existence of only one of these.  That is, <u>either</u> that there existed a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of fraudulent pretenses, representations, or promises.

Fraud is a general term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or anything of value.

Thus, in order to prove the first theory of bank fraud—that there was a scheme to defraud a bank—the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property.

A fraudulent representation must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

9

In order to prove the second theory of bank fraud, the Government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody or control of a bank or credit union by means of false and fraudulent pretenses, representations or promises.  A representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful statements of half-truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

As to either theory, the deception need not be premised upon spoken or written words alone.  The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.  Further, it is not necessary for the Government to prove that the financial institutions actually lost money or were deprived of property as a result of the scheme. It also does not matter whether any of the banks involved might have discovered the fraud had the bank probed further.  If you find that a scheme existed, it is irrelevant whether you believe that any of the banks involved was careless, gullible, or even negligent.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10, and the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019)*. See Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States v. Rodriguez*, 140

F.3d 163, 167 (2d Cir. 1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

**REQUEST NO. 7**

**Count Two: Second Element – Intent to Defraud or Obtain Money**

The second element of bank fraud is that the defendant executed or attempted to execute the scheme knowingly, willfully and with specific intent to defraud the bank or to obtain money or funds owned or under the custody or control of the bank.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

Because an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

As a practical matter, then, to prove the charge against the defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is often unavailable. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value than direct evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-11, and the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

## REQUEST NO. 8

### Count Two: Third Element – Federally Insured Bank

The third element of the crime of bank fraud is that at least one of the financial institutions in question was federally insured at the time of the scheme. This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation (or FDIC) during the time frame alleged in the Indictment.  The Government need not show that the defendant knew the identity of the particular financial institution or that the defendant knew that the financial institution was federally insured to satisfy this third element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-12, and the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

## REQUEST NO. 9

### Count One: Elements of the Offense

As I said, Count One charges the defendant with participating in a conspiracy to commit wire and bank fraud.  Specifically, Count One alleges that, between in or around 2017 and in or around 2020, the defendant conspired to commit wire fraud and bank fraud by making false statements and providing fraudulent documents to banks in order to obtain funds from the banks.

A conspiracy is a kind of criminal partnership, a combination, understanding, or agreement of two or more persons to join together to accomplish one or more unlawful purposes, which are referred to as the objects of the conspiracy.  The crime of conspiracy to violate a federal law, as charged in this Indictment, is an independent offense.  The essence of the crime of conspiracy is an agreement or understanding to violate other laws.  It is separate and distinct from the crime that is the objective or object of the conspiracy, and it is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes.

Thus, in considering a conspiracy charge, you do not have to find that the actual substantive crimes that are the objects of the conspiracy were committed – here, wire fraud and bank fraud. In other words, you may find the defendant guilty of agreeing to commit wire fraud or bank fraud even if the conspiracy was not successful and no violation of the federal bank fraud or federal wire fraud statutes was ultimately committed.  This is because it is the agreement itself – the agreement with others to commit the crime – along with the other elements of conspiracy that the law forbids and defines as a crime.

To sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

15

First, the existence of the conspiracy charged in Count One of the Indictment; in other words, that two or more persons entered into the unlawful agreement charged in the Indictment.

Second, that the defendant knowingly and willfully became a member of that conspiracy or agreement.  That is, the Government must prove that the defendant knowingly and willfully associated himself with, and participated in, the conspiracy, understanding its unlawful purposes.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2, and the charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019). *See United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."); *United States v. Corsey*, 512 F. App'x 6, 8 (2d Cir. 2013) ("impossibility is not a defense to a conspiracy charge").

**REQUEST NO. 10**

**Count One: Existence of the Conspiracy - Agreement (Element One)**

Starting with the first element, a conspiracy is a combination, an agreement or an understanding of two or more people to accomplish by concerted action a criminal or unlawful purpose.  Count One charges that the criminal or unlawful purposes were to commit wire fraud and bank fraud.

To establish a conspiracy, the Government is not required to show that two or more persons sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth the details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Your common sense will tell you that when people, in fact, undertake to enter into a criminal conspiracy, much usually is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them publicly, nor do they broadcast their plans. From its very nature, a conspiracy almost invariably is secret in its origin and in its execution. It is sufficient if two or more persons in some way or manner come to a common understanding to violate the law. Express language or specific words are not required to indicate that someone has joined in a conspiracy.

Because conspiracy by its very nature is characterized by secrecy, it is rare that a conspiracy can be proved by direct evidence of that explicit agreement. You may infer the existence of a conspiracy from the circumstances and the conduct of the persons involved. The adage "actions speak louder than words" may be applicable here. Usually, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual

17

co-conspirators. When taken together and considered as a whole, however, such acts may show a conspiracy or agreement as conclusively as would direct proof. In determining whether a conspiracy actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from those matters.

As I instructed you earlier, the essence of the crime of conspiracy is an agreement or an understanding to commit a crime. So it does not matter if the crime, the commission of which was the objective of the conspiracy, ever was committed. A conspiracy to commit a crime is an entirely separate and distinct offense from the actual commission of the illegal act that is the object of the conspiracy. The success or failure of a conspiracy is not material to the question of guilt or innocence of an alleged conspirator.

The conspiracy charged in Count One had two objects – first, to commit wire fraud, and second, to commit bank fraud.  The government must establish beyond a reasonable doubt that the defendant agreed with others to commit either wire or bank fraud. The Government does not have to prove both of the objects charged beyond a reasonable doubt.  To find the defendant guilty as to Count One, you must, however, be unanimous as to which of these two offenses, if any, was the object of the conspiracy.

Because the object of the conspiracy charged in Count One was to violate the laws prohibiting wire fraud and bank fraud, I will now instruct you as to bank fraud and wire fraud. However, remember, as I told you in my earlier instructions about conspiracy, you may find a defendant guilty of the crime of conspiring to commit bank or wire fraud even if no bank or wire fraud was actually committed.

18

Bank Fraud

As to the bank fraud object of the conspiracy, I have already instructed you about bank fraud, and you must apply those instructions here.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person to commit bank fraud, then the bank fraud objective would be proved.

Wire Fraud

As to the wire fraud object of the conspiracy, I will now instruct you as to the elements of the offense.

Wire fraud has three elements:

First, that there was a scheme to defraud others of money or property by materially false or fraudulent pretenses, representations or promises as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused to be used interstate or foreign wires.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those things be done, then the wire fraud objective would be proved.

Now, I will explain each of the three elements of wire fraud in more detail.

The first element is the existence of a scheme to defraud others of money or property by means of false or fraudulent representations or promises. A scheme is simply a plan for the accomplishment of an object. Fraud is a general term that includes all possible ways that a person may use to gain some unfair advantage over another person by false representations, false

19

suggestions, false pretenses, or concealment of the truth.  The unfair advantage can involve money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

Thus, a scheme to defraud is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence. It is a plan to deprive another of money or property by trick, deceit, deception, or swindle.  A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances or facts in the case.

The scheme to defraud is alleged to have been carried out by false or fraudulent representations or promises.  False means it is untrue when it was made and was then known to be untrue by the person making it or causing it to be made.  I have already instructed you on the meaning of "fraudulent" and you should apply that instruction here.

The false or fraudulent representation or concealment must relate to a material fact or matter.  I have already instructed you on the meaning of "material fact" and you should apply that instruction here.

In order to satisfy the first element of wire fraud as an object of the conspiracy in Count One, the government must also prove that the alleged scheme contemplated depriving another of money or property.  It is not necessary for the government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered any loss as a consequence of the fraudulent scheme.  You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

20

The second element of wire fraud is that the defendant participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.  I have explained this intent in my earlier instructions to you regarding bank fraud, and you should follow those instructions here.

The third element of wire fraud is that interstate wire facilities were used in furtherance of the scheme to defraud.   To establish this requirement, the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  When a person does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of wires can reasonably be foreseen, even though not actually intended, then the person causes the wires to be used.  The wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The wire communication need not contain any fraudulent representation, or even any request for money.  It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire fraud was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019), and the Hon. Jed S. Rakoff in *United States v. Margulies*, 17 Cr. 638 (Aug. 5, 2019).

## REQUEST NO. 11

## Count One: Membership in the Conspiracy (Element Two)

The second element of a conspiracy is that the defendant knowingly and willfully entered into the conspiracy with the intent of aiding the accomplishment of its unlawful ends.  Knowingly and willfully is to do an act consciously, deliberately, purposely, and with the intent to do something unlawful.  A defendant need not have known that the purpose of the conspiracy was to violate any particular or specific law, but he needs to have been aware that the purpose of the conspiracy was generally unlawful in nature.

The Government must prove beyond a reasonable doubt that the defendant knew he was a member of an operation or a conspiracy to accomplish an unlawful purpose and that the defendant's action by joining such an operation or conspiracy was the result of a specific intention to further the unlawful purpose and not due to carelessness, negligence, or mistake.

I've already told you that knowledge may be proved as a matter of inference from other facts.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

23

When you come to decide, for example, whether the defendant agreed with at least one other person to commit wire fraud or bank fraud, you need not limit yourself to just what he said, but you may also look at what he did and what others did in relation to him and, in general, everything that occurred.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Knowledge is a matter of inference from the proven facts.  Science has not yet devised a way of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and communications alleged to have taken place by or with the defendant or in his presence. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully aware of every detail or the full extent of the conspiracy or of all of its participants.  Nor is it necessary for the defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome.  However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether a defendant was a member of the conspiracy.  Furthermore, the law does not require that a given defendant join the conspiracy through a written or verbal agreement; a tacit agreement or understanding is sufficient.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy, even when that association

24

is coupled with knowledge that a conspiracy exists.  Similarly, mere association with another member of the conspiracy does not automatically make the defendant a member of the conspiracy, even when that second person is committing a crime.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge of a criminal conspiracy, without participation in the unlawful plan, is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  What is necessary to satisfy the second element of the conspiracy charge is that the defendant, with an understanding of the unlawful character of the charged conspiracy, knowingly, willfully and with an intent to defraud joined and participated in the conspiracy for the purpose of furthering its unlawful ends.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 56-18, and charges of the Hon. Jed S. Rakoff in *United States v. Weigand*, 29 Cr. 188 (Mar. 1, 2021), the Hon. Paul A. Engelmayer in *United States v. Teman*, 19 Cr. 696 (Jan. 21, 2020), and the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

**REQUEST NO. 12**

**Count One: Duration of and Extent of Participation in Conspiracy**

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6, and the charge of the Hon. Jed S. Rakoff in *United States v. Weigand*, 20 Cr. 188 (Mar. 1, 2021). *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant

26

need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)).

## **REQUEST NO. 13**

### **Count Three: Aggravated Identity Theft**

Count Three charges the defendant with aggravated identity theft.  Specifically, it charges that from in or about 2017 to in or about 2020, the defendant knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person in connection with the conspiracy charged in Count One and the bank fraud charged in Count Two.

In order to find the defendant guilty of Count Three, the Government must prove beyond a reasonable doubt the following three elements:

First, that the defendant knowingly transferred, possessed, or used a "means of identification" of another person;

Second, that the defendant used the means of identification of another person during and in relation to the conspiracy to commit wire and bank fraud alleged in Count One or the bank fraud alleged in Count Two; and

Third, that the defendant acted without lawful authority.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-50, 39A-51, and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

**REQUEST NO. 14**

**Count Three: Aggravated Identity Theft Element One – Use of Identification**

The first element that the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person. The terms "transfer," "possess," and "use" have their common-sense meanings.

The Government need only prove that the defendant transferred, possessed, or used a means of identification of another person. It is not necessary that the Government prove more than one of these types of conduct.

A "means of identification" is: Any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, Social Security number, date of birth, official State or Government issued driver's license or identification number; or unique electronic identification number, address, or routing code; or access device.

A "name" means the name of a person. "Access device" means any account number.

In order to prove this element beyond a reasonable doubt, the means of identification must belong to an actual person other than the defendant. The actual person may be alive or dead.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 35-49, 35-72, and 39A-49, and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).  *See also* 18 U.S.C. § 1028(d)(7)(A), (C), (D) (defining "means of identification"); 18 U.S.C. § 1029(e)(1) (defining "access device").

<u>**REQUEST NO. 15**</u>

<u>**Count Three: Aggravated Identity Theft Element Two – In Relation To**</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person during and in relation to (i) the bank fraud charged in Count Two, and/or (ii) the conspiracy to commit wire and bank fraud charged in Count One.

To find that this element is satisfied, you must agree unanimously that the transfer, possession, or use of a means of identification of another person occurred during and in relation to one of these offenses. In other words, you must all agree that the transfer, possession, or use of a means of identification of another person occurred during and in relation to the bank fraud offense charged in Count Two; or you must all agree that it occurred during and in relation to the conspiracy offense charged in Count One. Of course, this element is also satisfied if you find that the transfer, possession, or use of a means of identification of another person occurred during and in relation to both of these offenses.

"During and in relation to" means that the defendant's transfer, use, or possession of a means of identification of another person was "at the crux" of what makes the bank fraud offense charged in Count Two or the conspiracy to commit bank fraud or wire fraud offense charged in Count One criminal.  For use of a means of identification to be at the crux of what makes the conduct criminal, the means of identification specifically must be used in a manner that is fraudulent or deceptive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 35-49, 35-72, and 39A-49, and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).  S*ee Dubin v. United States*, 143 S. Ct. 1557, 1573 (2023).

## REQUEST NO. 16

### Count Three: Aggravated Identity Theft Element Three – Knowingly/Willfully

Third, the Government must also prove beyond a reasonable doubt that the defendant acted without lawful authority in transferring, possessing, or using the means of identification of another person.

To act "without lawful authority" means to act without authorization from someone who has authority to give such authorization to use the means of identification.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-49, and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).  *See also Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009).

## REQUEST NO. 17

### Aiding and Abetting

I will now explain a second theory of liability on the substantive bank fraud and aggravated identity theft charges, Counts Two and Three—the aiding and abetting theory.  It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. A person who does that is just as guilty of the offense as someone who actually commits it. Accordingly, for any substantive count in the Indictment, you may find the defendant guilty on that count if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime and that the defendant aided, abetted, counseled, commanded, induced, or procured the commission of that crime.

In order to convict the defendant as an aider and abettor, the Government must prove beyond a reasonable doubt two elements.

First, the Government must prove that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. But if you do find that a crime was committed by someone other than the defendant, then you must consider whether the defendant you are considering aided or abetted the commission of that crime.

Second, in order to convict of an aiding and abetting theory, the Government must prove that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally, and with the specific intent to do something that the law forbids.

32

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did the defendant participate in the crime charged as something he wished to bring about?

Did the defendant associate himself with the criminal venture knowingly and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

There is a subtle difference between a defendant willfully causing someone else to take actions necessary for the commission of a crime as opposed to aiding and abetting someone else to commit a crime. If this question comes up in your deliberations, you should think of it in terms of the difference between causing someone to do something versus facilitating or helping someone to do it. If you are persuaded beyond a reasonable doubt that the defendant willfully caused someone else to take actions necessary for the commission of either of the substantive charges in the Indictment, you should convict him as a principal on that count. If, on the other hand, you are persuaded beyond a reasonable doubt that the defendant, with the knowledge and intent that I

described, sought by his actions to facilitate or assist that other person in committing the crime, then he is guilty as an aider and abettor.

One important difference between willfully causing and aiding and abetting another person to commit a crime, as I instructed you earlier, is that with respect to willful causation, the Government need not prove that the defendant acted through a guilty person. With respect to aiding and abetting, however, the Government must prove beyond a reasonable doubt that someone else committed the crime charged with the requisite intent. If you find beyond a reasonable doubt that the Government has proved that another person actually committed one or more of the substantive crimes charged in Counts Two and Three and that the defendant aided or abetted that person in the commission of that offense, you should find that defendant guilty of that substantive crime on an aiding and abetting theory. If, however, you do not so find, you may not convict the defendant of that crime on the basis of an aiding and abetting theory.

> Adapted from Sand, *Modern Federal Jury Instructions*, 11-1 and 11-2, and the charge of Hon. Lewis A. Kaplan in *United States v. Gatto,* 17 Cr. 686 (LAK). *See United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); *United States v. Clemente*, 640 F.2d 1069 (2d Cir.) (same), *cert. denied*, 454 U.S. 820 (1981).

## REQUEST NO. 18

## Count One: Co-Conspirators' Acts and Statements

If you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence, without his knowledge, or before he joined the conspiracy.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who said or did that.

> Adapted from the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).  *See United States v. Heras*, 609 F.3d 101, 110-11 (2d Cir. 2010); *United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990).

## REQUEST NO. 19

## Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester. This requirement is called "venue." Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

With respect to Count One, it is sufficient for the Government to prove that some act in furtherance of the conspiracy occurred within the Southern District of New York. In this regard, the Government does not have to prove that the crime itself was committed in this district or that the defendant himself was even present here.

With respect to Count Two, venue is proper to the extent that any act in furtherance of the bank fraud occurred within the Southern District of New York.

With respect to Count Three, aggravated identity theft, venue is proper in any district where the crime it is related to – Count One or Count Two – was committed. If you find that the government has proven venue for Count One or Count Two, that finding also satisfies the venue requirement for Count Three.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here.

Adapted from the charges of the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (LAK), and the Hon. P. Kevin Castel

in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019). *See United States v. Magassouba*, 619 F.3d 202, 204 (2d Cir. 2010) ("venue is proper in a prosecution under 18 U.S.C. § 1028A in any district where the predicate felony offense was committed, even if the means of identification of another person was not transferred, possessed, or used in that district").

## REQUEST NO. 20

### Non-Prosecution Agreement

You have heard testimony from witnesses who have entered into non-prosecution agreements with the Government arising out of facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a witness entered into such an agreement, even involving similar conduct. The decision of that witness to enter into that agreement and of the Government to enter into that agreement was a personal decision on the part of the Government and an exercise of the Government's lawful discretion in the case of the Government. It may not be used by you in any way for or against the defendant.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018).

## REQUEST NO. 21

### Accomplice Testimony

You have heard from witnesses who testified that they were actually involved in the crimes related to those charged in the Indictment. The law allows use of this testimony. Indeed, such testimony, if found truthful by you, may be enough in itself to warrant conviction if it convinces you of a given defendant's guilt beyond a reasonable doubt. Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.  So, the testimony of the accomplice witnesses is properly before you.

However, the testimony of accomplice witnesses should be scrutinized with special care and caution because such witnesses may believe that it's in their interest to give testimony favorable to the Government. The fact that a witness is an accomplice can be considered by you in bearing on his or her credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, she is incapable of giving you a truthful version of what happened. Like the testimony of any other witness, accomplice testimony should be given the weight that it deserves in light of the facts and circumstances before you, considering the witness's demeanor, candor, the strength, and accuracy of a witness's recollection, their background, and the extent to which the testimony they gave is corroborated or not corroborated by other evidence in the case. You may consider whether an accomplice witness has an interest in the outcome, and, if so, whether that's affected her testimony.

39

You heard testimony about various agreements between the Government and the accomplice witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether the witness has given truthful and accurate testimony here in this courtroom.

In evaluating the testimony of these witnesses, you should ask yourselves whether these witnesses would benefit more by lying or more by telling you the truth. Was their testimony made up in some way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served telling you the truth? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause them to lie or one that would cause him to tell you the truth? Did the motivation color the witnesses' testimony? If you find that testimony by such a witness is false, you should reject it. If, however, after giving cautious and careful consideration to that testimony, and to the witness's demeanor, and the other things that I mentioned, you're satisfied that the witness told you the truth, you should accept what the witness says as credible and act accordingly.

As with any witness, let me emphasize that the issue of credibility does not have to be decided on an all-or-nothing basis. Even if you find that a witness testified falsely in part, you still may accept any part of the testimony you find to have been credible.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-5, and the charges of the Hon. Jed S. Rakoff in *United States v. Allen*, 14 Cr. 272 (Nov. 3, 2015), and the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (Apr. 27, 2018).

## **REQUEST NO. 22**

### **Variance in Dates**

The Indictment in this case refers to conduct that occurred between at least 2017 and in or about 2020.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12,
> and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*,
> 18 Cr. 259 (May 14, 2019).

**REQUEST NO. 23**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

## REQUEST NO. 24

## Uncalled Witnesses – Equally Available

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have said if they had been witnesses in this case. Their absence should not affect your judgment in any way about what any witness would have testified about if he or she had been called as a witness.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

43

## REQUEST NO. 25

### Law Enforcement or Government Witnesses

You have heard the testimony of law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16, and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

44

## REQUEST NO. 26

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charges of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

45

**REQUEST NO. 27**

**Other Acts Evidence**

[*If Applicable*]

You also heard evidence that the defendant engaged in misconduct that is not charged in this Indictment including _____. He is not on trial for committing those acts. Accordingly, you may not consider the evidence of other uncharged bad acts as a substitute for proof that he committed the crimes with which he is charged here. Nor may you consider that evidence as proof that he has a criminal personality or bad character. The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

More specifically, you may consider the evidence you have heard regarding _____ as relevant to _____.

> Adapted from the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019).

## **REQUEST NO. 28**

## **Particular Investigative Techniques Not Required**

*[If Applicable]*

You have heard reference to certain investigative techniques that were used or not used by the Government in this case.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 4-4,
> and the charge of the Hon. P. Kevin Castel in *United States v. Stasiv*,
> 18 Cr. 259 (May 14, 2019).

47

## **REQUEST NO. 29**

## **Use of Evidence Obtained Pursuant to Searches**

[*If Applicable*]

You have heard testimony about evidence seized, pursuant to search warrants signed by a judge, from electronic devices.  Evidence obtained from these searches was properly admitted in this case and may properly be considered by you.   Indeed, searches of electronic devices are entirely appropriate law enforcement actions. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

> Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Stasiv*, 18 Cr. 259 (May 14, 2019), and the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

**REQUEST NO. 30**

**Use of Charts and Summaries**

There is evidence before you in the form of charts and summaries.  Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no better than the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018), and the Hon. Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

## **REQUEST NO. 31**

### **Stipulations**

In this case you have also heard evidence in the form of stipulations or agreements between the parties.  Some of the stipulations have been as to facts, while others are testimonial stipulations, agreements between the parties that a witness would testify as to certain facts if called at trial. Where the parties have entered into agreement as to certain facts, you must regard the agreed upon facts as true. Similarly, where the parties have entered into a testimonial stipulation, you must accept for purposes of your deliberations that if that witness had been called to testify, he or she would have testified as set forth in the stipulation. However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 5-6
and 5-7.

**REQUEST NO. 32**

**Defendant's Testimony**

[*If the defendant testifies:*]

As you saw, the defendant took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> *See United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."); *but see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

[*If the defendant does not testify and requested by the defense:*]

The defendant did not testify.  Under our Constitution, a defendant never is required to testify or to present any evidence because it is always the Government's burden to prove a defendant guilty beyond a reason doubt.  A defendant never is required to prove that he is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any adverse inference against the defendant because the defendant did not take the witness stand. You may not consider this in any way in your deliberations.

> Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

51

**<u>REQUEST NO. 33</u>**

**<u>Redactions</u>**

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Hon. Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

**REQUEST NO. 34**

**Concluding Remarks**

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

Dated: New York, New York
          September 12, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York


                              By:    _/s/_____.
                                        Jeffrey W. Coyle
                                        Katherine Cheng
                                        Alexandra Rothman
                                        Assistant United States Attorneys
                                        (212) 637-2437 /-2492 /-2580

53