UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　v.<br><br>LAURELL WELLS,<br>　　　　　　　　　*Defendant*. | S1 20 Cr. 633 (JSR) |

**THE GOVERNMENT'S PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

　　　　　　　　　　　　　　　　　　　　　　DAMIAN WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　　　　Southern District of New York
　　　　　　　　　　　　　　　　　　　　　　One St. Andrew's Plaza
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10007

Jeffrey W. Coyle
Katherine Cheng
Alexandra Rothman
Assistant United States Attorneys
　　　*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LAURELL WELLS,

*Defendant*.

S1 20 Cr. 633 (JSR)

## THE GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would affect the prospective juror's ability to be fair and impartial.

**A.** **The Charged Offenses**

1. So that you can understand the reasons for the questions that I'll be asking you, I want to tell you briefly about the charges in this criminal case. The defendant, Laurell Wells, has been charged with the commission of federal crimes in a document called an Indictment filed by a grand jury sitting in this district. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges so that we can determine

whether there is anything about the charges that would make it impossible or difficult for you to sit as a fair and impartial juror. The Indictment contains three "counts" or charges:

2. Count One charges that from at least in or about 2017 through at least in or about 2020, the defendant conspired to commit wire fraud and bank fraud by making false statements and providing fraudulent documents to banks in order to obtain funds from the banks.

3. Count Two charges that from at least in or about 2017 through at least in or about 2020, the defendant committed bank fraud through this same conduct.

4. Count Three charges that from at least in or about 2017 through at least in or about 2020, the defendant committed aggravated identity theft by using the names and other means of identification of other persons during and in relation to the conspiracy charged in Count One and the bank fraud charged in Count Two.

5. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

6. Do any of you feel that you have strong policy or moral views on the crimes charged in the Indictment, or anything you have heard so far, that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

**B.     Knowledge of the Trial Participants**

7. The defendant in this case, as I have said, is Laurell Wells. [*Please ask the defendant to stand when his name is read.*] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

8. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

9. The defendant is represented here by his attorneys Glen McGorty, Kelly Currie, Danielle Giffuni and Jessica Franzetti of the law firm Crowell & Moring LLP. [*Please ask defense counsel to stand*.] Do any of you know Mr. McGorty, Mr. Currie, Ms. Giffuni or Ms. Franzetti? Have you or your family members or close friends had any dealings either directly or indirectly with them or their law firm?

10. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jeff Coyle, Katherine Cheng, and Alexandra Rothman, who will be assisted by Special Agent Jeremy Rosenman from the United States Attorney's Office for the Southern District of New York, and Paralegal Specialists Phineas Santello and Isabel Loftus. [*Please ask the Government team to stand*.] Do any of you know any of these individuals? Have you or your family members or close friends had any dealings either directly or indirectly with them?

11. Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?

12. I will now read a list of individuals and businesses whose names may be mentioned during the trial, or who may be witnesses in this case, as well as a list of places that may be mentioned during trial [*Government will provide list of names and places to the Court in advance of trial*]. Are any of you familiar with the people or places I have just named? Have you had any dealings either directly or indirectly with any of these individuals or places? To your knowledge, have your relatives, friends, associates, employers, or employees had any dealings with any of these individuals or places?

    **C.**    **Relationship with Government and Others**

    13.    Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

    14.    Have any of you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office? For or against any other law enforcement agency or law enforcement in general?

    15.    Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? Have any of you, or a member of your family, ever had such a dispute concerning payment of money owed to you by the Government?

    16.    Have you, or has any member of your family, worked for a criminal defense lawyer or private investigator?

    17.    Have you, or has any member of your family, worked as a judge, law clerk, court attendant, court clerk, other type of court personnel, probation officer, or person connected with any correctional institution, jail, or penitentiary?

4

**D.**     **Prior Jury Service**

18.     Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve? If so, were you the foreperson?

19.     Have you ever served as a juror in any court, whether civil or criminal? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what the verdict was, did the jury deliberate and reach a verdict? Did you think the outcome was fair? Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

**E.**     **Experience as a Witness, Defendant, or Crime Victim**

20.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in, or been the subject of, any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or anyone close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

21.     Have you ever been a witness or a complainant in any federal or state prosecution?

22.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

23.     Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? If so, do you believe those charges were fairly brought? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case.*]

5

24. Have you, or have any of your relatives, associates, or close friends ever been the subject of a regulatory enforcement or disciplinary action by a federal or state government agency? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case at sidebar.*]

25. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing room, into the circumstances of each crime.*]

26. Have you, or any of your close friends or relatives, ever been arrested, stopped, or questioned by any member of law enforcement, including by a member of the United States Attorney's Office for the Southern District of New York? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement officer.*]

F. **Ability to Render a Fair and Impartial Verdict**

27. During the trial, you will hear evidence concerning fraud on banks and identity theft. Would the fact that the charges involve fraud and identity theft affect your ability to be fair and impartial in this case?

28. Have any of you, your relatives, close friends, or associates been involved—as defendant, victim, or in any other way—in a case involving fraud or identity theft?

29. Do any of you think that you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

30. Does any juror feel that he or she could not view, fairly and impartially a case involving these types of charges, and follow my instructions on the law?

G. **Media Coverage**

31. Have any of you read or seen anything—in the newspaper, on the Internet, or on TV—about this case?

32. I do not expect this trial to generate media attention. If it does, however, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and Twitter—until after this case is over? If not, please raise your hand.

F. **Law Enforcement and Government Employee Witnesses**

33. The Government witnesses in this case may consist in part of law enforcement officers and employees of Government agencies, including the New York City Police Department, the Rye Brook Police Department, the Florida State Police, the New York State Department of Motor Vehicles, and the United States Attorney's Office. Do you have any strong feelings, impressions, or opinions that would prevent you from evaluating the testimony of a law enforcement officer or another Government employee fairly and impartially? Would any of you be more or less likely to believe a witness merely because he or she is an employee of a Government agency?

H. **Investigative Techniques**

34. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

35. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigative technique in presenting evidence of a crime?

36. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

### I. Other Questions

37. The trial is expected to last approximately two weeks. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

38. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial? Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

39. Do any of you have any difficulty in reading or understanding English?

40. Do any of you have any religious, philosophical, or other beliefs that would make you unable to stand in judgment of another person or to render a guilty verdict in this criminal case?

### J. Function of the Court and Jury

41. The function of the jury is to decide questions of fact. You are the sole judge of the facts. When it comes to the law, however, you are to take your instructions from the

Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Do any of you have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

42. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court?

43. Will each of you accept the proposition that the defendant is entitled to individual consideration, and that the mere fact that the defendant has associated with others who may have engaged in criminal activity does not itself make the defendant guilty?

44. Will each of you accept the proposition that the defendant is presumed to be innocent and has no obligation to prove his innocence; rather, the task of proving guilt beyond a reasonable doubt rests exclusively with the Government?

45. Will each of you accept the proposition that the defendant is under no obligation to testify and that our Constitution guarantees that the decision not to testify cannot be held against a defendant – as the duty to prove guilt, beyond a reasonable doubt, again, rests exclusively with the Government?

46. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty of the crimes charged?

47. Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty,

9

and that only the evidence or lack of evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crime charged?

48. It may not be a particularly pleasant duty to find a person guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### K. Other Biases

49. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will not be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice – and according to the law as it will be explained to you?

### L. Juror's Background

50. The Government respectfully requests that the Court ask each juror to state the following information:

    a. the juror's age;

    b. the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

    c. the area in which the juror resides and any other area the juror has resided during the last ten years;

    d. whether the juror owns or rents their home;

    e. where the juror was born;

    f. the juror's educational background, including the highest degree

       obtained;

g. whether the juror has served in the military, and if so in what capacity and for what duration;

h. the juror's current (or, if retired or unemployed, last) occupation;

i. the name and general location of the juror's employer, and the period of employment with that employer;

j. the same information concerning other employment within the last five years;

k. the same information with respect to the juror's spouse and any working children (with respect to current employers only);

l. whether the juror, or the juror's close family or friends, has served in federal, state, or local government, including federal, state, or local law enforcement;

m. what newspapers and magazines the juror reads and how often;

n. which websites, including social media websites, the juror regularly visits;

o. what television programs the juror regularly watches; and

p. the juror's hobbies, and leisure-time activities and organizations.

### M.    Requested Instruction Following Empaneling of the Jury

51. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

52. If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to

offer a friendly greeting.  So, if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

53. Please do not read or watch anything in newspapers, television, or on the Internet that relates to the case or any of its participants in any way. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Do not discuss the case at all, and do not write or post anything about the case at all.  My instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, Twitter, Instagram, Snapchat, blogs, etc. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to supplement that information on your own.

Dated:     New York, New York
           September 14, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                                   By:  s/_____
                                        Jeffrey W. Coyle
                                        Katherine Cheng
                                        Alexandra Rothman
                                        Assistant United States Attorneys
                                        (212) 637-2437/ -2492/ -2580