UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAURELL WELLS,<br><br>    Defendant. | OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE<br>S1 20-cr-0633 (JSR) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE**

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1

II.    ARGUMENT......................................................................................................................... 1

    A.   The Retail Store Credit Line Fraud is Inadmissible and Highly Prejudicial ...................... 1

        1.   The Alleged Retail Store Credit Line Fraud is Inadmissible Under Rule 404(b) and Rule 403 ................................................................................................................. 1

        2.   Because No Limiting Instruction Would Be Sufficient to Cure the Highly Prejudicial Nature of the Evidence, It Must Be Excluded ............................................................. 2

    B.   If the Government Opens the Door, the Defense Should Have the Right to Cross Examine Government Witnesses about the Actions of Detective Spell ............................................ 3

III.   CONCLUSION...................................................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*United States v. Curley*,
    639 F.3d 50 (2d Cir. 2011)..................................................................................................2

*United States v. James*,
    No. 02 CR 0778 (SJ), 2007 WL 1579978 (E.D.N.Y. May 31, 2007).........................................2

*United States v. Pugh*,
    162 F. Supp. 3d 97 (E.D.N.Y. 2016), *aff'd*, 937 F.3d 108 (2d Cir. 2019)................................3

**Other Authorities**

Rule 404(b) ...............................................................................................................................1, 2

Rule 403 .......................................................................................................................................1

**I.       INTRODUCTION**

The defendant respectfully submits this memorandum of law in opposition to the Government's Motion *in Limine* filed on September 11, 2023. The Government seeks to admit as direct evidence (or, in the alternative, pursuant to Rule 404(b)), the defendant's alleged involvement in an "instant credit" scheme; and to preclude any evidence regarding the sexual relationship between New York Police Detective Cliford Spell and alleged co-conspirator Faith Brewster. For the reasons set forth below, the Court should deny both motions at this time.

With respect to the alleged retail store credit line fraud (or as the Government refers to it "instant credit"), the defense addressed the issue in its own Motion *in Limine* filed on September 11, 2023, but reiterates those arguments below. Regarding evidence of the significant misconduct of Det. Spell and Ms. Brewster, it is premature to grant such a motion. While, at this time, the defense does not intend to reference this misconduct in its opening statement, it is quite possible that the proof offered by the Government may implicate the actions and credibility of both Det. Spell and Ms. Brewster and place their misconduct squarely into play. Accordingly, the Court should not now, before a jury has even been selected, limit the scope of the defense's case—including the cross examination of any Government witness—without complete clarity that the actions of Det. Spell or Ms. Brewster would never be admissible. For these reasons, the Government's Motion *in Limine* should be denied.

**II.     ARGUMENT**

      **A.     The Retail Store Credit Line Fraud is Inadmissible and Highly Prejudicial**

            **1.     The Alleged Retail Store Credit Line Fraud is Inadmissible Under Rule 404(b) and Rule 403**

As discussed in the defense's Motion *in Limine*, the Court should preclude evidence regarding the alleged retail store credit line fraud for several reasons. First, the conduct is entirely

separate from and extraneous to the charged crimes. Despite recently obtaining a superseding indictment in anticipation of trial, the Government did not allege that the retail store credit line fraud was part of the same charged conspiracy, and they should not be able to assert at much at trial. Offering evidence that this completely separate scheme is part of the same conspiracy merely because the same co-conspirators are involved is inappropriate, and to the extent the Court considers its admissibility under Rule 404(b), admitting it will improperly invite the jury to infer Mr. Wells' guilt on the charges in the Indictment based on impermissible propensity evidence. The evidence of this unrelated scheme is also unfairly prejudicial—it will permit the Government to engage in lengthy evidentiary detours about an *entirely unrelated scheme* for the purpose of simply impugning Mr. Wells—and inviting a trial within a trial which will only serve to cause jury confusion and waste time.

### 2. Because No Limiting Instruction Would Be Sufficient to Cure the Highly Prejudicial Nature of the Evidence, It Must Be Excluded

In certain instances, the court may issue a limiting instruction to prevent unfair prejudice. The Government points to the limiting instruction given by the presiding judge in the Northern District of Florida against Mr. Wells' alleged co-conspirator, and argues that substantially similar evidence was introduced in an "identical context." *See* Government Motion *In Limine* Exhibit B at 24. Yet, this is not an "identical context" and such an instruction would be woefully insufficient here. No instruction, however clear or strongly-worded, will prevent Mr. Wells from being prejudiced by a jury that is confronted with witnesses testifying about an entirely different fraud scheme and then asked to separate the permissible and impermissible inferences it may draw from such evidence. Indeed, "limiting instructions is not a cure-all to undue prejudice." *United States v. James*, No. 02 CR 0778 (SJ), 2007 WL 1579978, at *3 (E.D.N.Y. May 31, 2007). *See also United States v. Curley*, 639 F.3d 50, 57, 60 (2d Cir. 2011)

2

(Noting that "[a] limiting instruction 'does not invariably eliminate the risk of prejudice notwithstanding the instruction' and concluding that the instruction was not sufficient, "given the low probative value of the evidence and the high risk of prejudicial effect." (citation omitted).

> **B.      If the Government Opens the Door, the Defense Should Have the Right to Cross Examine Government Witnesses about the Actions of Detective Spell**

The Government argues that the sexual relationship between Det. Spell and Faith Brewster should be excluded because it is wholly irrelevant to the issues at trial, and even if it were relevant, its probative value would be substantially outweighed by the risk of jury confusion, time wasted at trial, and prejudicial effect on the Government.  Without conceding this point, at this time, the defense does not plan on raising this issue in its opening statement.  However, defense counsel also does not know precisely what the Government witnesses intend to testify to, or how the prosecution plans to offer certain pieces of evidence without Det. Spell or Ms. Brewster.  To the extent the Government's witnesses testify in such a way that the investigative actions of Det. Spell or his inappropriate relationship with Ms. Brewster become relevant, the defense should be able to cross examine the witness on the source of their information, the reliability of that source, or about a potential bias.  *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016), *aff'd*, 937 F.3d 108 (2d Cir. 2019) ("[t]he movant [in a motion *in limine* seeking to exclude evidence] has the burden of establishing that the evidence is not admissible for any purpose.") (citation omitted).

The defense is already aware that the Government intends to offer evidence *around* Ms. Brewster, in the form of an investigator at JP Morgan Chase Bank, who conducted an investigation into alleged bank fraud, interviewed Ms. Brewster and allegedly received a photograph from her which she advised was the individual with whom she perpetrated the fraud.  While we are certain the Government knows it would be impermissible hearsay to offer Ms. Brewster's statement

3

through the bank investigator, we believe they will try to use this witness to offer evidence instead of calling Ms. Brewster—including the photograph itself. We will object to its admission on evidentiary grounds, but this end-run method of putting on evidence without the appropriate, but now tainted witnesses, could very well open the door to the very issue the Government now moves to preclude. Since the Court cannot say, then, that evidence pertaining to the Government's investigation is not admissible for any purpose, the Motion *in Limine* with respect to such evidence must be denied.

### III.  CONCLUSION

For the forgoing reasons, Mr. Wells respectfully asks the Court to exclude at trial all evidence of uncharged conduct—including the "instant credit" scheme raised in the Government's Motion *in Limine*—and withhold ruling on the admissibility of any specific evidence or line of questioning regarding the relationship between Det. Spell and Ms. Brewster.

Dated: September 15, 2023

                                                         Respectfully submitted,

                                                   /s/ *Kelly T. Currie*
                                                 Kelly T. Currie
                                                 Glen G. McGorty
                                                 Danielle Giffuni
                                                 Jessica Franzetti
                                                 Crowell & Moring LLP
                                                 590 Madison Avenue, 20th Floor
                                                 New York, NY 10022-2524
                                                 Phone: (212) 223-4000
                                                 Fax: (212) 223-4134
                                                 KCurrie@crowell.com
                                                 GMcGorty@crowell.com
                                                 DGiffuni@crowell.com
                                                 JFranzetti@crowell.com
                                                 *Counsel for Laurell Wells*