UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                :

UNITED STATES OF AMERICA      :

       - *v.* -                      :         S1 20 Cr. 633 (JSR)

LAURELL WELLS,                :

           Defendant.      :

------------------------------------------------------x

# THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Jeffrey W. Coyle
Katherine Cheng
Alexandra Rothman
Assistant United States Attorneys

- Of Counsel -

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in response to the defendant's motions *in limine* (i) to preclude evidence of the defendant's frauds on JPMorgan Chase bank from 2011 through 2017, before the time period of the Indictment; (ii) to preclude evidence of the defendant's frauds on retail stores (i.e., the "instant credit" scheme) during the same trips, and with the same participants, in which he participated in the charged bank fraud scheme; and (iii) to preclude evidence of the defendant's cashing a fake check—using a fake identification card—at an M&T Bank branch in March 2019, during the time period of the Indictment. ("Def. Mot.," Dkt. No. 160). The motions are either moot or lack merit, and therefore should be denied.

*First,* the Government does not intend to offer evidence of the defendant's past frauds on JPMorgan Chase bank in its case-in-chief. This motion is therefore moot.

*Second,* evidence of the defendant's participation in the "instant credit" scheme, in which the defendant and the same co-conspirators involved in the bank fraud scheme opened fraudulent line of credit accounts at large retail stores using the same stolen identities as those used to commit the bank fraud, and subsequently charged purchases to those fraudulent accounts, is admissible as direct evidence of the charged conduct or, in the alternative, pursuant to Rule 404(b) of the Federal Rules of Evidence.

*Third,* the defendant's fraud on M&T Bank in March 2019 is simply a portion of the conduct charged in the Indictment. Evidence of this crime is therefore admissible at trial as direct evidence of the charged offenses.

**ARGUMENT**

**I.    THE DEFENDANT'S INVOLVEMENT IN THE "INSTANT CREDIT" SCHEME IS ADMISSIBLE AS DIRECT EVIDENCE AND PURSUANT TO RULE 404(B)**

The Government respectfully incorporates by reference its motion *in limine*, filed on September 11, 2023 ("Gov't Mot.," Dkt. No. 161). Pages 5 through 11 of the Government's motion contains a detailed discussion of the "instant credit" scheme, in which the defendant caused co-conspirators to open fraudulent line of credit accounts at large retail stores using the same stolen identities as those he used to commit bank fraud. As explained in the Government's motion, evidence of the defendant's participation in this scheme is admissible at trial as direct evidence of the charged offenses, because this evidence is "inextricably intertwined" with the bank fraud and conspiracy charges and establishes, among other things, the nature of the criminal relationship between one particular co-conspirator (i.e., CC-3) and the defendant. In the alternative, this evidence is also admissible under Rule 404(b) to prove the defendant's plan and preparation, knowledge, intent, motive, absence of mistake, and existence of a common plan with respect to the charged offenses.

The defendant wrongly asserts that the Government "will seek to prove an uncharged 'line of credit' conspiracy that took place *over the course of two years*." Def. Mot. at 8 (emphasis added). The evidence that the Government seeks to offer pertaining to the "instant credit" scheme involves a single witness's (CC-3) testimony regarding the participation of the defendant and herself, among others, in the scheme during a single month—the same month that CC-3 and the defendant together defrauded banks. This testimony will not involve "lengthy evidentiary detours" or a "trial within a trial," as the defendant claims, *id.*, but rather, will be narrow in scope and similar to that which was admitted against the trial of the defendant's co-conspirator in the Northern

District of Florida under identical circumstances. Thus, the Court should admit this evidence under Rule 404(b).

## II.  EVIDENCE REGARDING THE DEFENDANT'S PARTICIPATION IN A FRAUD ON M&T BANK IN 2019 IS DIRECT EVIDENCE OF THE CONDUCT CHARGED IN THE INDICTMENT

The defendant misapprehends the Government's evidence with respect to the defendant's participation in the fraud at M&T Bank. The defendant argues that such evidence should be precluded because it relates to "*uncharged crimes* and other bad acts that are wholly or largely unconnected to or temporally remote from the charges in the Indictment." Def. Mot. at 1 (emphasis added) (*see also id.* at 8-9 ("the Government cannot fairly assert that conduct leading to the M&T Bank arrest tends to establish the same modus operandi or common plan as the alleged wire and bank fraud conspiracy charged in the Indictment")). But evidence of the defendant's participation in fraudulent conduct at M&T Bank does not pertain to *uncharged crimes*; such evidence is proof of precisely the scheme with which the defendant is charged in all three counts of the Indictment. Indeed, the Government's evidence regarding the M&T Bank portion of the defendant's fraud scheme would, even if evaluated in isolation, be sufficient evidence for a reasonable jury to convict the defendant on all three counts.

In March 2019, the defendant entered an M&T Bank branch in Rye Brook, New York, and presented fake identification documents bearing the name "Carl Scott." The defendant then cashed a fake check for $3,900 and withdrew the money using Scott's identity. Bank employees learned the defendant had attempted to cash other checks using Scott's identity at M&T Bank branches in Cos Cob, Connecticut, and Harrison, New York. Messages retrieved from the defendant's cellphones show that he was working in tandem with Scott to use Scott's identifying information to perpetrate the fraud on M&T Bank. The defendant was arrested by the Rye Brook Police

4

Department on May 1, 2019. At the time of his arrest, officers recovered a fake passport card in the name of Scott but containing a picture of the defendant.

As the Court is aware, the Indictment charges the defendant with committing fraud at banks—and agreeing with others to do so—by making false statements and providing fraudulent documents to banks in order to obtain funds from the banks. The Indictment further charges the defendant with using fake means of identification to commit this fraud. As described above, in May 2019, at Rye Brook, the defendant committed fraud at M&T Bank by providing the teller with fraudulent documents, including a fake identification card, and falsely stating that he was Scott. That the defendant personally went into the bank on this occasion, where on others he sent in his female workers, is of no consequence. A criminal is not required to commit his crimes in exactly the same way each time during the course of a single conspiracy or scheme. Thus, evidence of the defendant's M&T Bank fraud conduct is admissible as direct evidence at trial.

## CONCLUSION

For the foregoing reasons, the defendant's motions *in limine* should be denied.

Dated: New York, New York
       September 15, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                              By:       _____/s/_____
                                        Jeffrey W. Coyle
                                        Katherine Cheng
                                        Alexandra Rothman
                                        Assistant United States Attorneys
                                        (212) 637-2437/ -2492/ -2580